UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____
**In re:**
       **Catherine Willis,**                                                                    Chapter 13 Case
                   **Debtor.**                                                                               # 07-10032
_____
**Catherine Willis and**                      Filed & Entered
**Jan M. Sensenich, Esq., Trustee,**          On Docket
               **Plaintiffs,**           February 15, 2008              Adversary Proceeding
       v.                                                                                     # 07-1008
**Countrywide Home Loans, Inc.,**
               **Defendant.**
_____

*Appearances:*  David W. Lynch, Esq.      Jan Sensenich, Esq.      Jennifer Emens-Butler, Esq.
                      *David W. Lynch, Esq., PC*  *Chapter 13 Trustee*  *Obuchowski & Emens-Butler*
                        *Colchester, VT*            *White River Jct., VT*   *Bethel, VT*
                        *For the Plaintiffs*         *Trustee, Pro Se*        *For the Defendant*

**MEMORANDUM OF DECISION**
**GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

        Catherine Willis (the "Debtor"), along with the chapter 13 Trustee Jan Sensenich, Esq. (together, the "Plaintiffs"), have filed a complaint to determine the nature, extent, and validity of the mortgage lien on the Debtor's property, and to avoid the lien pursuant to either § 544 or § 547 of Title 11 (doc. # 1). The Plaintiffs have now filed a motion for summary judgment (doc. # 13), seeking to avoid the mortgage deed on the Debtor's homestead, held by the Defendant, Countrywide Home Loans, Inc., based on a defective acknowledgement. The Plaintiffs assert that because the name of an unrelated third party is written in the space in the mortgage deed acknowledgment where the Debtor's name should be written, the mortgage deed was not perfected as of the date the foreclosure complaint was filed; the recording of the defective mortgage deed failed to give constructive notice to subsequent transferees of the property; and therefore under the "strong arm clause," the Trustee may avoid the Defendant's unperfected security interest. (Id.) In the alternative, the Plaintiffs argue that if the perfection defect in the mortgage deed was cured by the recording of the foreclosure complaint, that event constituted a transfer of a beneficial interest of the Debtor within the ninety-day preference period and occurred while the Debtor was insolvent. As such, the mortgage deed would be voidable as a preference under § 547(b). (Id.) The Defendant opposed the Plaintiffs' motion and cross-moved for summary judgment (doc. # 20). For the reasons set forth below, the Court finds the defect in the acknowledgement is fatal, the Defendant's lien is invalid, and the mortgage deed may be avoided pursuant to § 544(a). Accordingly, the Court grants the Plaintiffs' motion for

summary judgment and denies the Defendant's cross-motion for summary judgment.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motions for summary judgment under 28 U.S.C. § 157(b)(2)(K).

## ISSUE PRESENTED

The issue presented in this adversary proceeding is whether the insertion of the name of an unrelated third party in the acknowledgment section of a mortgage deed, rather than the name of the mortgagor, is a fatal defect, renders the security interest invalid, and allows the Trustee to avoid the mortgage deed.

## UNDISPUTED MATERIAL FACTS

The Court adopts the Plaintiffs' Statement of Material Facts, to which the Defendant has not objected, and reprints them here.

1. On or about January 24, 2007 Debtor filed a Petition for Relief under Chapter 13, Title 11, United States Code (the "Petition Date").

2. As of the Petition Date, the Debtor was the holder of a fee simple interest in certain real property located at 28 Winding Brook Drive, South Burlington, Vermont (the "Property").

3. On or about July 19, 2004 Debtor obtained a loan from Defendant Countrywide Home Loans, Inc. (hereinafter Countrywide) in the amount of $162,000.00. On July 19, 2004, Debtor signed the mortgage with a face amount of $162,000.00 (hereinafter "the Mortgage") in favor of Countrywide. The mortgage was filed for record on or about July 20, 2004 in the South Burlington Land Records at Volume 676, Page 155-169.

4. The Mortgage has a notary acknowledgment as follows:

    STATE OF VERMONT, Chittenden County ss:

    On this 19th day of July 2004, personally appeared

        Christine M. Moore (hand written)    , signer(s)

    and sealer(s) of the foregoing written instrument and acknowledged the same to

    be his/her/their free act and deed.

    Before me:

    My commission Expires: 2/10/07

                                                          *Illegible name written here*

                                                          Notary Public

5. Catherine Willis signed the mortgage as a borrower and sealer of the instrument and that signature was witnessed by Louis Sussman. It is clear from the signatures on the document that Lo[uis] Sussman is not the person who signed as notary.

6. The mortgage has a rider signed by Catherine Willis and this rider does not have a notary acknowledgment.

7. Countrywide filed a complaint of foreclosure with the City of South Burlington land records on November 6, 2006.

8. Countrywide filed the foreclosure complaint with the Vermont Superior Court, Chittenden County, Docket No. S1333-2006 CnC on November 9, 2006.

9. Countrywide served the foreclosure complaint on debtor on or about November 8, 200[6].

10. Countrywide moved for default judgment on the complaint of foreclosure on January 12, 2007. The Superior Court did not enter a default and the foreclosure was dismissed on February 16, 2007.

(doc. # 13).

The Defendant submitted the following additional "facts" in its "Statement of Undisputed Facts":

1. As an additional undisputed fact, the Defendants[1] would add that it is undisputed that the Debtor, Catherine Willis, in fact executed the Mortgage Deed in question before at least a witness and most likely a notary on July 19, 2004.

2. The Defendants also submit that it is undisputed that a Christine M. Moore was not present at the signing of the Mortgage Deed and did not in fact sign the Mortgage Deed.

3. There is a notation on Page 1 of the Mortgage Deed that indicates that the Mortgage Deed was prepared by a Christine M. Moore, presumably on behalf of document processing for Countrywide Home Loans, Inc. in Van Nuys, California.

4. Finally, it should be noted that nearly every page of the Mortgage, including the signature page and acknowledgment page, contains the following notation: "DOC ID # : 00065091 40407004."

(doc. # 20).

The Plaintiffs have objected to some of these "facts." They state that they do not know

> if the witness, Louis Sussman, Esq. was a notary. Nonetheless, this fact is not material to the inquiry at hand as there is nothing of record to indicate that Attorney Sussman engaged with Ms. Willis in the notary's imperative verbal exchange that the execution of the mortgage was Ms. Willis' free act and deed

(doc. # 24). The Plaintiffs also assert that they do not "have knowledge that Ms. Moore was not present [at the signing of the Mortgage Deed]. Plaintiff is aware that there was present a representative of the lender and Plaintiff does not know the name of that person." (Id.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact]

---

[1] The Defendant answered the Complaint on behalf of Countrywide Home Loans, Inc. and Mortgage Electronic Registration Services, Inc. "as nominee," even though the Defendant has never requested that MERS be added as a defendant or that the caption be changed to reflect an additional defendant.

3

could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

The Defendant has not objected to any of the facts offered by the Plaintiffs. The Plaintiffs, however, have objected to certain facts offered by the Defendant, including the statement that the Debtor executed the mortgage deed "most likely" before a notary, and Ms. Moore was not present at the signing of the mortgage deed. The Court agrees with the Plaintiffs that the first statement is pure speculation and that nothing in the record supports the second statement. However, the Court does not consider these statements to be material facts. Therefore, given that the Plaintiffs' facts are not challenged, nor are the Defendant's last two factual statements, the Court deems these to be the material facts, finds that there is no genuine issue of material fact and therefore concludes that summary judgment is appropriate.

## DISCUSSION

**I.    Relevant Bankruptcy Law**

The Code provides that a Trustee "shall be able to avoid an obligation if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation." Mortgage Lenders Network, USA v. Sensenich (In re Potter), 313 F.3d 93, 94 (2d Cir. 2002).

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Because

> "an invalid mortgage fails to impart constructive notice to a subsequent purchaser," Lawlor v. Chittenden Trust Co. (In re Lawlor), 2005 WL 4122833 at * 2 (Bankr. D.Vt. Dec. 15, 2005), and thus allows chapter 13 trustees to avoid such a mortgage under § 544(a), the question that must be answered here is whether the Mortgage provides a subsequent purchaser with constructive notice of the Defendant's interest in the property.

4

Stanzione v. Bank of America, N.A. (In re Stanzione), 2007 WL 2792844 at * 3 (Bankr. D.Vt. Sept. 24, 2007).

## II.    Relevant Vermont Law

Vermont law is clear regarding the proper execution of an instrument representing an interest in land:

> Deeds and other conveyances of lands, or of an estate or interest therein, shall be signed by the party granting the same and signed by one or more witnesses and acknowledged by the grantor before a town clerk, notary public, master, county clerk or judge or register of probate and recorded at length in the clerk's office of the town in which such lands lie. Such acknowledgment before a notary public shall be valid without an official seal affixed to his or her signature.

27 V.S.A. § 341(a). In addition,

> A deed of bargain and sale, a mortgage or other conveyance of land in fee simple or for term of life, or a lease for more than one year from the making thereof shall not be effectual to hold such lands against any person but the grantor and his heirs, unless the deed or other conveyance is acknowledged and recorded as provided in this chapter.

27 V.S.A. § 342. The state statutes therefore set out a two-step process for proper execution of a mortgage deed. First, the party taking on the obligation must sign the instrument and have his or her signature witnessed. Second, the person who signed the instrument must personally appear before a statutorily-authorized official and (a) aver that he or she is the "signer and sealer" of the foregoing instrument (the mortgage deed in this case) and (b) acknowledge before that official that he or she signed the instrument voluntarily (i.e., it was his or her free act and deed).

Given these statutory prerequisites, a "deed that is improperly witnessed and acknowledged is invalid." Lakeview Farm, Inc. v. Enman, 166 Vt. 158, 164, 689 A.2d 1089, 1093 (1997). Moreover, "if the only fact evidencing a prior mortgage on a property is the recording of a defective mortgage deed, a subsequent purchaser without actual knowledge of that defective deed would take free and clear of the mortgage's interest." Mortgage Lenders Network, USA v. Sensenich, 177 Vt. 592, 593, 873 A.2d 892, 894 (2004).

## III.    Application of Bankruptcy Law and Vermont Law to the Undisputed Material Facts

In Stanzione, this Court catalogued its many prior rulings concerning the role that a proper acknowledgment plays in putting the world on notice of a lienholder's interest in real property, and assessing whether various permutations and combinations of execution defects were fatal to the validity of the instrument. None of those cases, including Stanzione, present the mortgage deed defect at issue here.

In Vermont, it has long been established that "[t]he certificate of the magistrate of the acknowledgment of a deed is an independent instrument, complete and perfect of itself; it is no part of the deed; it is no act of the parties. It is attached to the deed and is necessary to give such deed full effect in certain

5

respects." <u>Wood v. Cochrane</u>, 39 Vt. 544, (1866). Similarly, in Connecticut, an acknowledgment "is the formal declaration, before an authorized official, by the person who executed an instrument, that it is his free act and deed. It serves to authenticate the instrument by furnishing formal proof, through the action of the public official taking the acknowledgment, that the instrument was actually executed by the person whose signature appears on it." <u>Commercial Credit Corp. v. Carlson</u>, 114 Conn. 514, 517, 159 A. 352, 354 (1932).

The question raised by these cross-motions for summary judgment is whether the lack of proof that Catherine Willis acknowledged before the notary that she signed the mortgage deed of her "free act and deed" is a fatal flaw in the execution of the document. The Plaintiffs contend that

> [t]he acknowledgment is flawed because on its face it shows that the grantor, Catherine Willis, did not acknowledge the mortgage. The acknowledgment names Christine M. Moore as signer of the document and the individual who acknowledged the mortgage. For this reason, the acknowledgment fails to serve its statutorily prescribed purpose and this conveyance is void as to subsequent purchasers or lien holders.

(doc. # 13).

The Defendant counters that, "[a]s a result of a scrivener's error, the wrong name was inserted in the notary acknowledgment, rather than the name Catherine Willis," but, using the "four corners of the document approach" as the Court did in <u>Stanzione</u>, "it is clear that the notary was verifying the acknowledgment by the 'signer(s) and sealer(s) of the instrument' that preceded the signatures," and that "[i]t would be a considerable stretch in reviewing the document to assume that the last page were somehow from another instrument, as per the Plaintiffs' query, given the page numbering as Page 11 of 11 and the DOC ID stamp, which was consistent throughout" (doc. # 20). The Defendant adds that the defect in the acknowledgment is inconsequential and provides constructive notice of the Defendant's interest in the property, and that even if the mortgage deed was deemed to have a defect by virtue of the error in the acknowledgment "the flaw was cured by the filing of the foreclosure complaint by the Defendants." (<u>Id.</u>)

The Plaintiffs and Defendant both point to the analysis in the recently-decided <u>Stanzione</u> case as determinative of the outcome here: the Defendant asserts that there is "no distinction" between that case and this one, and the Plaintiffs claim that the cases are indeed distinguishable. In <u>Stanzione</u>, this Court was asked to resolve whether a mortgage deed containing an acknowledgement which left blank the area where the debtors' names should have been inserted was nevertheless valid. The Court employed a four corners of the document approach to determine the sufficiency of the acknowledgment for purposes of constructive notice. Examining the mortgage deed and acknowledgment together, the Court observed that even without the Stanziones' names set out in the acknowledgment, the acknowledgment read that the "signers and sealers" had appeared before the notary, the Stanziones had been clearly identified as the "signers and sealers" of the mortgage deed, and the notary who had signed the acknowledgment had also

6

witnessed the signatures of Mr. and Mrs. Stanzione on the previous page. This Court held that, given those and other facts, "the notary unquestionably refers to the Debtors as the parties who signed and acknowledged the Mortgage." Stanzione, 2007 WL 2792844 at * 7. Relying upon Vermont case law scrutinizing the essential elements of constructive notice, the Court found the mortgage deed to be valid.

The Court agrees with the Plaintiffs that the facts in Stanzione are significantly distinguishable from the facts in the case at bar, and compel a different result. In this case, an entirely different name – a total stranger to the document – was inserted in the space where Ms. Willis's name should have been written in the acknowledgment. It is not possible to discern with certainty from within the four corners of the instrument who had executed it, since the acknowledgment states that Ms. Moore did, and the mortgage deed itself states that Ms. Willis did. In other words, the acknowledgement does not indicate that the person who appeared before the notary and acknowledged signing the instrument of her "free act and deed" was the same person who executed the instrument. This is a qualitatively different acknowledgment defect than occurred in Stanzione, where the "signers and sealers" had been identified unequivocally as the Stanziones and therefore, even without their names being inserted in the acknowledgment, it was quite evident that they had appeared before the notary and acknowledged that they had voluntarily executed the instrument.

Many of the cases that describe defective but non-fatal acknowledgments point to the misspelling of a name or an incomplete name in the acknowledgment, or to the propriety of certain corporate officers acknowledging an instrument and incurring liability on behalf of a corporation. See, e.g., Chandler v. Spear, 22 Vt. 388, 1850 WL 2169 at * 12 (1850) (holding that mortgage deed was sufficiently acknowledged where "Richard G." acknowledged it, when it was Richard G. Bailey, the grantor, who executed the deed); Commercial Credit Corp., 114 Conn. at 517, 159 A. at 354 (providing that acknowledgment must indicate corporate office of person who executed agreement on behalf of corporation). Very few cases involve acknowledgments that contain the name of an entirely different person having appeared before the notary from the one executing the document. Nevertheless, it is clear that "[a] variance between the name given in the certificate of acknowledgment and that of the person executing the instrument, causing it to appear that the instrument was not executed and acknowledged by the same person, invalidates the certificate." 1A C.J.S. Acknowledgments § 60 (2007). See New Jersey Bank v. Azco Realty Co., Inc., 148 N.J. Super. 159, 164, 372 A.2d 356, 359 (App. Div. 1977) (holding that acknowledgment listing mortgagee instead of the mortgagor in three separate places was defective, since New Jersey law provided that the officer before whom the instrument is acknowledged must at least be 'satisfied' that the party executing the acknowledgment is the grantor in the instrument); C.I.T. Corp. v. Hungerford, 123 Conn. 438, 196 A. 151 (1937) (holding that an acknowledgment setting out an entirely different person from the one signing the instrument is patently invalid). "Thus, in order for an acknowledgment to be effective, it must clearly identify the person or persons who executed the conveyance." 1A C.J.S. Acknowledgments § 60

(2007). "Generally, the certificate of acknowledgment must disclose, in some way, the fact of the personal appearance of the "acknowledger" before the attesting official taking the acknowledgment. 1 Am.Jur.2d Acknowledgments § 60 (May 2004)." In re Stubbs, 330 B.R. 717, 727 (Bankr. N.D. Ind. 2005). What is required is that the signer of the instrument, and only the signer, be acknowledged as appearing before the notary. If another person's name is inserted in the blank, that is a fatal error. See Sensenich v. Peoples Trust Co. of St. Albans (In re Rebello), A.P. # 02-1015 (Bankr. D.Vt. Aug. 9, 2002) ("The mortgage in question was not properly acknowledged as statutorily required under Vermont law. Thus, although it was properly witnessed, the Court must declare it to be defective and invalid.")

The Defendant attempts to minimize the impact of the defect by asserting that the inclusion of Catherine M. Moore's name in the acknowledgment was merely a "clerical error." This position has lacked traction for a very long time. Vermont courts have defined a clerical error as an error that is not an error "of judgment or even of misidentification, but merely of recitation, or the sort that a clerk or amanuensis might commit, mechanical in nature." State v. Greene, 172 Vt. 610, 611, 782 A.2d 1163, 1165 (2001) (quoting United States v. Guevremont, 829 F.2d 423, 426 (3d Cir.1987)). Over a century and a half ago, in Wood v. Cochrane, the Vermont Supreme Court had occasion to ascertain whether a mortgage deed provided constructive notice when the acknowledgment showed that the grantee, not the grantor, acknowledged the instrument. The Vermont Supreme Court held that this error was fatal and that the recording of the mortgage deed could not operate as constructive notice. The Court addressed directly the question of whether the mix-up between the grantee and grantor in the acknowledgment constituted a clerical error:

> In looking into the deed we see that Cochrane is the man who should have acknowledged it, but there is nothing to show that he did, the fact that he ought to have done it is hardly sufficient to warrant us in saying that he did, especially when the certificate of the magistrate shows affirmatively that it was another man. Whether an error was committed in writing the name of the man who acknowledged, or in taking the acknowledgment of the wrong man by mistake, is a question that cannot be determined by anything that appears either on the face of the certificate or of the deed.

Wood, 39 Vt. 544. Accordingly, the Court holds that where, as here, the name of the person executing the mortgage deed is completely different from the name of the person whose name is written in the acknowledgment, and the acknowledgement provides that a stranger to the document appeared before the official, signed and sealed the mortgage deed, and did so of her "free act and deed," the acknowledgment is fatally defective and does not comply with the Vermont statutes. As a consequence, the Defendant's mortgage deed does not provide a subsequent purchaser with constructive notice of the Defendant's interest in the property and may be avoided by the Trustee under § 544.

The Defendant's final argument is that even if the mortgage deed were deemed to have a defect, that flaw was cured by the filing of the foreclosure complaint. The Defendant's rationale for that argu-

ment follows:

> Despite the Plaintiffs' characterization of the Potter case, it remains to be determined whether the filing of a foreclosure complaint alone cures any defects in the underlying instrument. The Vermont Supreme Court held in Mortgage Lenders Network USA v. Sensenich (In re Potter), 177 Vt. 592 (Vt. 2004) that a foreclosure complaint, brought to judgment, provides constructive notice of the mortgage in question and cures any defects. Id. The Court specifically left open the question as to whether the foreclosure complaint itself, without judgment, cures any defects. The Defendants submit that the complaint itself distinctly provided any subsequent purchasers with constructive notice of its interest in the property.

(doc. # 20 p. 6). The Plaintiffs emphasize that Potter stood for the proposition that when a foreclosure proceeding results in a final judgment, due process has been served, as any party to that proceeding could have challenged the defect in the acknowledgment, prior to entry of judgment. They contrast that holding with the instant case where no judicial determination as to the validity of the mortgage deed was made by the state court, the opportunity to challenge the mortgage deed remains, and thus the Trustee's avoidance powers remain unimpaired (doc. # 24).

The Defendant correctly notes that the Vermont Supreme Court did not reach the question of whether the filing of a foreclosure complaint (without a judgment being issued) would provide constructive notice of an equitable claim to subsequent purchasers. The court only decided "whether the trustee, acting as a bona fide purchaser under the powers conferred by the bankruptcy code, may avoid a mortgage deed that has been foreclosed by decree after the foreclosure complaint was recorded in the town land records pursuant to [12 V.S.A.] § 4523(b)." Potter, 177 Vt. at 593, 873 A.2d at 894 (emphasis added). But while the Defendant points out that the question remains open as to whether simply filing a complaint in a proceeding that did not result in a judgment provides constructive notice, it proffered no argument or rationale to support its position that the filing of a complaint alone suffices as constructive notice. The Court finds that the Defendant did not sufficiently brief this argument to put it properly before the Court and therefore declines to address it. See e.g., Tolbert v. Queens College, 242 F.3d 58, 75 (2d Cir.2001) (holding that, on appeal, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotations omitted); Vieira v. Wal-Mart Stores, Inc., 2001 WL 394898, *7 (D.Conn. Apr. 18, 2001) (same).

## CONCLUSION

For the reasons set forth above, the Court declares the Defendant's mortgage deed to be invalid and finds cause to allow the Trustee to avoid it, pursuant to 11 U.S.C. § 544. Accordingly, the Court grants the Plaintiffs' motion for summary judgment and denies the Defendant's cross-motion for summary judgment.

This constitutes the Court's findings of fact and conclusions of law.

February 15, 2008  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge