UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    Catherine C. Willis,
        Debtor.

_____

Catherine Willis and Jan M.
Sensenich, Esq., Trustee,
        Plaintiffs,
    v.

Countrywide Home Loans, Inc.,
        Defendant.

_____

Chapter 13 Case
# 07-10032

Filed & Entered
On Docket
February 29, 2008

Adversary Proceeding
# 07-1008

**ORDER**
**GRANTING DEFENDANT'S MOTION FOR CLARIFICATION**
**AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On February 15, 2008, this Court issued a Memorandum of Decision (doc. # 27) and Order (doc. # 28) in which it granted the Plaintiffs' motion for summary judgment and denied the Defendant's cross-motion for summary judgment. The Court held that, based on a defective acknowledgment, the Debtor's mortgage deed was defective and the Trustee could avoid it, pursuant to 11 U.S.C. § 544. On February 22, 2008, the Defendant filed a motion for reconsideration (the "Motion"), asking the Court to both reconsider and clarify its holding (doc. # 30). For the reasons that follow, the Court grants the Motion to the extent that the Defendant seeks clarification, but denies the Motion to the extent that the Defendant seeks reconsideration.

With regard to its request for clarification, the Defendant focuses on the Court's statement in its February 15, 2008 Order concerning whether the filing of a foreclosure complaint in the land records constitutes constructive notice. The Court wrote:

> The Defendant correctly notes that the Vermont Supreme Court did not reach the question of whether the filing of a foreclosure complaint (without a judgment being issued) would provide constructive notice of an equitable claim to subsequent purchasers. The court only decided "whether the trustee, acting as a bona fide purchaser under the powers conferred by the bankruptcy code, may avoid a mortgage deed that has been foreclosed <u>by decree</u> after the foreclosure complaint was recorded in the town land records pursuant to [12 V.S.A.] § 4523(b)." <u>Potter</u>, 177 Vt. at 593, 873 A.2d at 894 (emphasis added). But while the Defendant points out that the question remains open as to whether simply filing a complaint in a proceeding that did

not result in a judgment provides constructive notice, it proffered no argument or rationale to support its position that the filing of a complaint alone suffices as constructive notice. The Court finds that the Defendant did not sufficiently brief this argument to put it properly before the Court and therefore declines to address it. See e.g., Tolbert v. Queens College, 242 F.3d 58, 75 (2d Cir.2001) (holding that, on appeal, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotations omitted); Vieira v. Wal-Mart Stores, Inc., 2001 WL 394898, *7 (D.Conn. Apr. 18, 2001) (same).

(doc. # 27). The Defendant now contends that the filing a foreclosure complaint/constructive notice issue is a "dispositive issue of law" and an "essential element of the Defendant's defense," even though such argument was relegated to one paragraph at the end of its brief in support of its cross-motion for summary judgment. The Defendant claims that because this Court declined to address the issue, it could not ascertain whether this Court had made a final determination on that substantive area of law which would allow it to appeal the ruling, and this is the basis of its request for clarification of the ruling (doc. # 30). The Defendant adds that, in any event, it appears that the Court did rule on the issue because the Plaintiff could not have been granted summary judgment if the filing of the foreclosure complaint in the land records had provided constructive notice. (Id.) The Defendant repeats the statement it made in its cross-motion for summary judgment that even though Mortgage Lenders Network, USA v. Sensenich (In re Potter), 177 Vt. 592, 873 A.2d 892 (2004) did not address the legal issue of whether filing a foreclosure complaint in the land records provided constructive notice, in its view, the holding in that case "does not forestall this conclusion" (doc. # 30 p. 3). The Defendant buttresses its argument with a citation to 12 V.S.A. § 4523(b), arguing that this statute "clearly states that the filing of a foreclosure complaint 'shall be sufficient notice of the pendency of the action to all persons who acquire any interest or lien on the mortgaged premises between the date of filing the copy of foreclosure and the recording of the final judgment in the proceeding.'" (Id.)

With regard to the Defendant's request for clarification of the February 15, 2007 Order, as it relates to the whether a foreclosure complaint filed in the land records suffices to provide constructive notice, the Court reiterates that it did not address this argument on the merits because the argument was not sufficiently presented to put it properly before the Court for adjudication. A conclusory statement in a brief asserting that a foreclosure complaint filed in the land records provides constructive notice, even though Potter left that point open, does not constitute an argument. Federal case law, both at the appellate and trial court level, is clear that courts may decline to address such assertions *in toto* if they are not adequately presented. See McWilliams v. McWilliams, 2006 WL 3775952, *1 (N.D.Ill. Dec. 19, 2006); American Tissue, Inc. v. DLJ Merchant Banking Partners, II, L.P., 2006 WL 1084392, * 6 (S.D.N.Y. 2006); Vieira v. Wal-Mart Stores, Inc., 2001 WL 394898, *7 (D.Conn. Apr. 18, 2001); Graham v. U.S.,

753 F. Supp. 994, 1000 (D. Me. 1990). Consequently, this Court did not rule on the merits of this issue.[1]

Moreover, the Court was able to, and did, resolve the cross-motions for summary judgment without reference to this argument, based solely on the defective acknowledgment.

As to the Defendant's request for reconsideration, the standard for granting such a motion is strict in order to dissuade repetitive arguments on issues that the Court has already fully considered "where the moving party seeks solely to relitigate an issue already decided," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), to "plug gaps in an original argument or to argue in the alternative once a decision has been made," In re Newberry, 2007 WL 2247588, *1 (Bankr. D.Vt. Aug. 2, 2007), or to give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised in the original motion. See Petition of Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). A court may reconsider an earlier decision when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again"). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.3d at 257, but ultimately the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

In the Motion, the Defendant mounts a number of additional arguments that could have been raised in its cross-motion for summary judgment. With regard to the constructive notice issue, the citation to 12 VSA § 4523(b), as support for its position, is not an intervening change in controlling law, and therefore it would be improper for the Court to reconsider its decision based upon the new citation to that provision and the somewhat more developed argument on this point.

More importantly, however, the Defendant seeks to introduce an affidavit by Fred Peet, Esq., which states that Mr. Peet was present at the closing of the mortgage loan from Defendant to Debtor in June 2004; that he took the acknowledgment of the Debtor; that due to "human error" he erroneously inserted the name of another person who was not present at the closing; and that he does not know nor has he ever met the person whose name he inserted in the acknowledgment. (Ex. A to doc. # 30). The Court does not accept this affidavit for a number of reasons. First, Mr. Peet was never identified as the person

---

[1] Given the extensive litigation history of the Potter case, which was first heard in this Court, appealed to the district court, then appealed to the Second Circuit, which certified the question to the Vermont Supreme Court, this Court would be loathe to make a ruling on the issue of whether the filing a foreclosure complaint alone cures any defects in the underlying instrument without thorough briefing.

3

who took the acknowledgment in the statement of facts. The signature of the person who took that acknowledgment was completely illegible. Second, the affidavit does not constitute new evidence, as the facts are not new, and the Defendant has offered no reason it did not elicit the affidavit from Mr. Peet earlier, so it could accompany the Cross-Motion for Summary Judgment. The fact that the Defendant seeks to introduce it now appears to be an effort to have "another bite at the apple" by introducing facts and argument on issues that could have been or should have been raised in the original motion.[2]

In sum, the Defendant meets none of the standards warranting reconsideration and its motion must therefore be DENIED.

SO ORDERED.

February 29, 2008                          Colleen A. Brown
Rutland, Vermont                        United States Bankruptcy Judge

---

[2] Moreover, the Defendant posits no argument as to why parol evidence (represented by the affidavit) should even be considered in this case. See Wood v. Cochrane, 39 Vt. 544 (1866) ("As the deed upon its face as spread upon the record, must show a compliance with the requirements of the statute in order to give it effect as constructive notice, parol evidence cannot be brought in aid of any defect.").

4